UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE,

       Plaintiff,

v.

COUNTY OF MACOMB, STATE OF
MICHIGAN, MATTHEW SWITALSKI,
and BETSY MELLOS,

       Defendants.
                                         /

Case No. 11-12597

District Judge David M. Lawson

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Plaintiff Teddy Lawrence has filed a *pro se* civil complaint under a variety of statutory and constitutional provisions. Before the Court are four motions to dismiss filed by Defendants County of Macomb [Doc. #27], the State of Michigan [Doc. #23], Matthew Switalski (a Macomb County Circuit Judge) [Doc. #25] and Betsy Mellos (an Assistant Macomb County Prosecutor) [Doc. #26], as well as a motion for summary judgment filed by Plaintiff [Doc. #29].[1] All have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that all motions to dismiss [Doc. #s 23, 25, 26 and 27] be GRANTED, that the Plaintiff's motion for summary judgment [Doc. #29] be DENIED, and that the complaint be DISMISSED WITH PREJUDICE. I further recommend that Plaintiff be enjoined from filing any further actions in this Court without first obtaining leave of the Court.

---

[1] The Plaintiff's pleading is titled "Affidavit of Claim to Show Cause and Brief to Strike the Motion to Dismiss Filed by the Defendant's (sic) and Plaintiffs Motion for Summary Judgment." I will construe it as both a response to the Defendants' motions and Plaintiff's own summary judgment motion.

### I. BACKGROUND FACTS

The complaint in this case is long on impassioned rhetoric and short on facts. It is rambling and difficult to understand, but Plaintiff states that the Defendants have deprived him of constitutional rights "in violation of 18 U.S.C. Section 242, Title 42 U.S.C. Section 1983, 1985). *Complaint*, ¶ 2. He alleges that the Defendants "have committed a copyright violation by using the plaintiff's copyrighted name." *Id.* ¶ 3. He alleges a RICO violation against Macomb County and the State of Michigan for "attempting to collect the same debt again for the bid bond [GSA form 24] when in fact they have already been payed in full with an IBOE." *Id.* ¶ 4. Plaintiff goes on to claim a violation of his Second Amendment right to keep and bear arms and his right to travel. *Id.* ¶¶ 7, 13. He claims that the Defendants have committed war crimes and are domestic terrorists. *Id.* ¶¶ 11, 14.

The Defendants all note that Plaintiff filed two previous cases against Defendant Switalski and others arising out of the same facts, with one of the cases being filed under a different name. *See Teddy Lawrence Boniecki v. Stewart,* E.D. Mich. No. 10-12991 (assigned to Judge Murphy)[2], and *Teddy Lawrence v. Mellos*, E.D. Mich. No. 11-10980 (Judge Lawson).[3] Judge Switalski states, "The facts of this case stem from Plaintiff's May 27, 2010 traffic stop, arrest, and subsequent ongoing criminal case in state court." *Doc. #25*, p. 5. In terms of the underlying facts (which are *not* set forth in this complaint), the Defendants refer to Magistrate Judge Majzoub's Report and Recommendation in the 2010 case, E.D. Mich. No. 10-12991, Doc. #27, which states, at pp. 1-2:

> "Plaintiff filed this *pro se* action for money damages on July 29, 2010, alleging federal and state constitutional violations and violations of state law stemming

---

[2] Judge Murphy dismissed this case on November 30, 2011.

[3] This case, which is also assigned to Magistrate Judge Hluchaniuk, is still pending.

from his arrest and subsequent criminal proceedings. "Defendant states that Plaintiff was arrested on May 27, 2010 for reckless driving, driving with a suspended license, two counts of assaulting/resisting/obstructing a police officer, carrying a concealed weapon without a permit, and felony firearm. Defendant Judge Catherine B. Steenland of the 39-A District Court in Roseville, Michigan conducted a motion hearing and preliminary examination on July 7, 2010 and bound Plaintiff over to the 16th Judicial Circuit Court. A felony information was issued on July 15, 2010. Thereafter, Defendant Judge Matthew Switalski was assigned Plaintiff's case. Defendant Switalski states that after Plaintiff failed to appear at his July 19, 2010 arraignment, Defendant Switalski issued a bench warrant for plaintiff's arrest and forfeited his bond."

Defendants seek dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and failure to state a claim under Fed.R.Civ.P. 12(b)(6).

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

556 U.S. at 679 (internal citations omitted).

### III.  DISCUSSION

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. A complaint must set forth a basis to conclude that subject matter jurisdiction exists. In this regard, Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

Furthermore, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*

*v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction).  A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

While the Defendants suppose that this case mirrors prior actions that arise out of State criminal proceedings, I can discern no facts in this complaint that would support *any* federal claim, much less war crimes, copyright violations, or Second Amendment deprivations. The complaint simply makes no sense; the claims are "totally implausible, attenuated, unsubstantial [and] frivolous," *Apple v. Glenn, supra*, and contains nothing more than bare assertions of legal conclusions.  *Scheid v. Fanny Farmer Candy Shops, Inc.*, *supra*. The complaint should be dismissed under Rule 12(b)(1).

The complaint may also be dismissed under Rule 12(b)(6), because it fails to state a claim with the specificity required under *Iqbal*. Indeed, it merely lists various general causes of action in conclusory fashion, with absolutely no factual support.

Moreover, to the extent that Plaintiff's claims arise out of his State criminal proceedings, the following factors bar relief:

-Defendant Judge Switalski is protected by absolute judicial immunity.  *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

-Defendant Mellos, an Assistant Prosecuting Attorney, is likewise immune for actions undertaken in the context of Plaintiff's criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

-Plaintiff has not shown that his criminal case has been favorably terminated. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

-The State of Michigan is protected by Eleventh Amendment sovereign immunity. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 56 L.Ed.2d 45 (1989).

-Plaintiff has not demonstrated any constitutional violation by any Macomb County employee, and even if he had, he has not shown any basis for *respondeat superior* liability of the County. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

I understand that Plaintiff is an aggrieved individual who may honestly believe that he has been treated unfairly. But he has presented nothing to show that there has been any actual constitutional violation, and his remedy, if any, simply does not lie in serial federal litigation. This Court cannot afford to expend its resources on repeated frivolous civil complaints filed by the same party with apparently the same underlying grievance. Enough is enough. Plaintiff should be enjoined from filing any more complaints without first obtaining leave of the Court.

### IV.   CONCLUSION

I therefore recommend that the Defendants' motions to dismiss [Doc. #s 23, 25, 26 and 27] be GRANTED, that the Plaintiff's motion for summary judgment [Doc. #29] be DENIED, and that the complaint be DISMISSED WITH PREJUDICE.

I further recommend that Plaintiff be enjoined from filing any further actions in this Court without first obtaining leave of the Court.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 20, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on July 20, 2012.

Teddy Lawrence
28014 Walker Ave
Warren, MI 48092-2562

s/Johnetta M. Curry-Williams
Case Manager